LogistiCare Solutions, Inc. v. National Labor Relations Board. Council, I would request, I mean, unless you have something unique to add on this discussion we've been having in general, that you would get to your second issue. But I'm not, we don't preclude you from addressing the first one, but we've been having some lengthy discussion and we're very well apprised on the first issue. Thank you, Your Honor. I was going to try and shorten it significantly. I would just simply note on the whole arbitration issue that the Murphy case clearly, it made it very clear. Let's still go back to Murphy, okay? Okay. I won't do it at all, Your Honor. I know you want to do this and I hate that you're here to do it, but you're just plowing the old ground. If you've got some distinct point, let's make it. I would just simply note I'll stay here as long as you want to talk about something different. No, Your Honor, I don't want to belabor it further than I probably already am. All right. I would just simply note that Section 9 allows employers to engage in individual agreements with employees as long as there is no interference with their rights. And so there's Section 9 and then there's Section 7, right to refrain, which you've already heard about. The waiver here does not interfere with the filing of board charges, unlike what the board in a very strained reading of the waiver held. Basically, they came down and said that one heading was ambiguous because it left out the word lawsuit, and secondly, that the waiver would lead a reasonable employee to conclude that they were precluded from filing a board charge. The logistic care waiver is the most narrow of all of them that the court, this court, has so far considered, including the convergence waiver. The logistic care waiver precludes the filing of a collective or class action in lawsuits. Everywhere in the waiver, everywhere in the policy, it says plaintiff's lawyers and lawsuits. Nowhere does it say anything expansive like all claims, all legal disputes. The heading that the board objected to is jury and class slash collective action waiver. Apparently, because one heading didn't use the term lawsuit at the end of it, the board found that it was ambiguous. Despite every textual reference otherwise in the policy that says lawsuits, plaintiff's lawyers. How does Chesapeake support your argument at all? It seems that Chesapeake, they conceded that it would violate 8A1 because it would be construed to believe that you couldn't file board charges. I thought you said in your brief that Chesapeake was helpful to you on this, and I think it's actually not helpful to you on this. So maybe you could help. Mr. Honor, let me take a quick look. I'm sorry. I didn't really focus on Chesapeake. Okay. Well, maybe it's another case maybe we shouldn't be looking at. Because the Chesapeake energy waiver was limited, is much more limited. I'm sorry. Ours is much more limited than Chesapeake. Chesapeake said not only lawsuits, but also any other civil proceeding. And so therefore, again, it's broader. A civil proceeding could well be a board charge, I'll admit. That's undefined. Lawsuits are very clear, and the common parlance of a lawsuit is a filing in court. Your argument that the phrase trial lawyers should have made clear that it would the NLRP proceedings were covered? Actually, I'm sorry, Your Honor, plaintiff's lawyers. The term that's used in the policy, I believe, is plaintiff's lawyers. All right. I thought your brief was making the point about trial. I might have said. It may well say trial lawyers. The waiver says trial lawyers in the first line. Okay. Trial lawyers, Your Honor. Are NLRP proceedings not ever called trials? Actually, hearings from a technical standpoint. Well, not technically. Are they ever described as trials? I would think all the time. I don't believe so. I never have. The ones I've been involved in have always been hearings. Well, we can check. But certainly, I'll admit that it's possible that someone well could have said, well, I've got a trial before the NLRB on my charge. Has this been changed now so it says it does not include actions? No, Your Honor. We have not done so. There has not been a change yet by logistic here. And in Murphy, the court specifically in Murphy, Murphy had changed it to say it doesn't involve the filing of a charge. But the court also said in Murphy that that is not dispositive. We're not saying it's a requirement, but it sure would be nice, basically, is what the court said in Murphy. So lawsuits, as we said, are court cases. An agreement has got to be read in its entirety. You can't just simply cherry pick a portion of the policy or a portion of the waiver and say, or of the waiver explanation, and say, like the Board does here, that a heading which doesn't include lawsuit is ambiguous and therefore it invalidates the entire document. Moreover, frankly, that portion of the Board's decision on ambiguity, I believe, undercuts the claim that an employee might not understand what lawsuit really means because it says, basically, in the absence of the word lawsuit, somehow the waiver became ambiguous. Well, then that would mean that the rest of it is very clear. Lawsuit is lawsuit, and it's not ambiguous. The logistic here waiver is very specific. It's more specific than those in D.R. Horton and Murphy. The Murphy Clause was found to be not reasonably construed when it said any and all disputes are claims. Ours, lawsuits, lawsuits, lawsuits. No argument in any of the other cases that the Board has relied upon. U-Haul or Bills Electric, for example, they both had much broader claims with regards to what was involved in their cases. What result if you lose on this point? I'm sorry? What result if you lose on this point? I'm sorry? If you lose on this point, what result? If we lose on the point of whether, well, basically, then it invalidates the entire waiver because theoretically people would consider themselves to be precluded from filing Board charges. Okay. And given the Court's injunction at the beginning of this not to go over other areas, I have nothing else to add at this point. Thank you. We have your argument. Thank you. I did reserve just in case. You did. You did. But I probably won't be able to. I wasn't trying to preclude your rebuttal. Thank you, Counsel. Your Honor, may it please the Court, just before turning to the language of the waiver itself, I'd just like to address a quick point that Mr. McNamara said about Section 9 because it was also a point made by Convergys, and it was actually a point that we argue in our brief is forfeited because they didn't raise it below the same as for the Tenney discussion that we had regarding the Bill Johnson's argument. Okay. Thank you. So Section 9A creates an exception. It's not a right to employees to refrain. It's an exception to the rule that once a union has been chosen by employees as its representative, it is the exclusive bargaining representative, and the employer may not engage in direct dealing with employees. There is an exception to that in 9A saying that employees and employers may talk together directly to adjust any grievances by employees. But it's not a right by employees because if the employee approaches the employer and says, hey, I have this problem, I'd like to talk about it with you, the employer is entirely entitled to say, nope, go talk to your union and we'll talk to them. Thank you. Can you get to the trial by jury in the lawsuit issue? Sure. I think, and again, with all due respect to my co-counsel, Mr. McNamara, I think the critical point was when he used the words technically and when he said I myself have never referred to board hearings as trials. The board does not read these rules from the standpoint of a lawyer with a JD. It reads them from the standpoint of a layperson employee. And on the very specific point of whether a lawsuit would somehow only mean, somehow exclude board proceedings, setting aside that, as we've mentioned in our brief, employees often do talk about suing their employer in the board. In U-Haul, the board found that there was an agreement covering all disputes and specifically a side memo that said, specified that it applied to disputes, claims, or controversies that a court of law would be authorized to entertain. That is the same argument here, which Mr. McNamara is making, which is that if a lawsuit is only heard in a court of law, then employees would not confuse a board hearing with that. And that's just simply not realistic. What's your best case that we should agree that this is not appropriate? I mean, what's the best case where one was stricken down that has this sort of language? Or is this sui generis? No, I would say that U-Haul and Utility Vault are best cases because even though there wasn't a mention of the word lawsuit specifically, there was in both of those cases specific language that said in a judicial setting. And the board found that employees would reasonably construe that to extend to adversarial proceedings, which involve trials, which involve lawyers, which involve testimony that are held in front of the board. And remind me what courts those were. Well, they were board cases. Right. Do you have any case law holding the board? I'm sure there are somewhere, but no. Not in your brief about this point? No. What about against you? What's the worst case for you? I'm afraid off the top of my head I can't. Oh, it's a difficult little one. I mean, it could be vast questions. The board wants to call itself an Article III court, but it's not. Well, no. What about your companion case? The issue is not there, but the phrase is claim. That's a lot more comprehensive. It certainly is more comprehensive, but again, to the untrained mind, to the person who is not filing a claim and a charge, asking an employee somewhere to explain to you what's the difference  What's the difference between a hearing and a trial? Does lawsuit mean hearing or does it mean judicial trial? Should we be influenced by the fact that it says trial by jury in the previous paragraph and you're not going to have a trial by jury in the It says trial by jury to resolve any lawsuit. They waive that, and you're not going to have trial by jury in the agency, so could the flavor of it be we're saying lawsuit means lawsuit? Well, to the extent that once you waive a trial by jury, you have a trial by judge, which is essentially what an administrative hearing is. But you wouldn't need that language. It would be superfluous if it was. I guess. I realize that under the canons of statutory interpretation, superfluous language would, you know, I would see that argument, but again, I would go back to the fact that really, and I actually have a case recently where in a rule like this, our opponent cited the canons of statutory interpretation to explain why employees wouldn't construe the rule as barring their ability to file claims with the board. That's just simply not realistic. So do we defer or do we look in the dictionary? No, Your Honor. You would defer because these are run-of-the-mill bread-and-butter board cases. The board has seen these cases, has seen people arrive before it who don't. People call. I actually did a detail in a region, and people call board employees all the time saying, hey, I have this problem. Is there something you can do to help me? They don't know the first thing about board proceedings, especially if they are not stewards or affiliated with a union. And so they just call and ask for information and help. And when they're told, well, there will be a judge to hear your case, you know, they don't think that that means it's going to be a federal judge or a judge with a jury on the side or anything like that. All they know it's an adversarial proceeding. Do you have any questions? Do you have something further that you need to say? No, I don't, except that I appreciate your time and we respectfully request that you enforce the board's orders in both convergence and logistic care. Thank you very much. Thank you. I'm going to be very, very brief. You've heard it all now, plus it's getting late. Mr. Sautner mentioned Section 9, so I'll just simply note that in J.I. case the Supreme Court noted that individual employees and an employer can contract with each other if the circumstances do not suggest an intent to interfere with the rights under the Act. There's certainly no suggestion here that anything was meant to interfere with rights under the Act. Secondly, with regards to employees calling, interestingly, and I know it's not dispositive, but Catherine Lee signed the waiver and then promptly filed a charge. U-Haul was one of the cases that the board is relying upon. In that case, the waiver was any other legal or equitable claims recognized by state, federal, or local law or regulations, much, much broader than lawsuits. And in Bills Electric, it was all disputes and any legal claims in connection with rights under federal or state law. Therefore, both of those two would include agency actions and the NLRA, I believe. Thank you, Your Honors. I have nothing further. Thank you very much. We have your argument. This concludes.